UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY M. GRIFFIN,

    Petitioner,

v.     Case No. 8:18-cv-1380-T-35SPF
      Case No. 8:15-cr-453-T-35MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

This cause comes before the Court on Petitioner Troy M. Griffin's "Motion for Court to Respond to Defendant's Motion from the Supreme Court Ruling in *United States v. Davis, et al.*" (Civ. Doc. 48) Petitioner requests that the Court rule on his pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 (Civ. Doc. 1). Petitioner asserts that the United States has conceded that, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), he is entitled to relief from his conviction and sentence for brandishing a firearm during and in relation to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. Sections 924(c)(1)(A)(ii) and 2 (Count Three). Therefore, he argues there is "no explainable reason" why the Court should not rule on his Section 2255 motion.[1]

Petitioner undoubtedly is aware that his son and co-defendant, Troy Griffin, Jr., was released from prison following the Supreme Court's pronouncement in *Davis*. Troy Griffin, Jr. was far differently situated than Petitioner. He had an offense level of 19 and

---

[1] Petitioner twice filed similar motions urging the Court to rule on his pending Section 2255 motion. (Civ. Docs. 37 and 40) The Court disposed of those motions by informing Petitioner that a ruling was forthcoming once the Court completes its review of the issues presented in the motion. (Civ. Doc. 41)

a Criminal History Category of I, and, thus, he was sentenced to 18 months as to Count One and 84 months as to Count Three to run consecutively to Count One. Once the Court amended its judgment as to Count Three for Troy Griffin Jr., he was no longer subject to custody because he had served his full 18-month concurrent sentence on Counts One and Three.

Troy Griffin , Sr., however, presented to the Court with a Criminal History Category of VI and an Offense Level of 30. Petitioner was convicted of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. Section 1951(a) (Count One), and Hobbs Act robbery, in violation of 18 U.S.C. Sections 1951(a) and 2 (Count Two). Thus, while Petitioner is correct that the United States concedes that Count Three, his Section 924(c) conviction and 84-month sentence should be vacated, he is *not* due to be released immediately. *Davis* does not afford Petitioner relief from his convictions and 210-month sentences for conspiracy to commit Hobbs Act robbery and Hobbs Act robbery (Counts One and Two).

In his Section 2255 motion, Petitioner raises eleven grounds for relief primarily based on ineffective assistance of counsel. Although the United States concedes that Petitioner is entitled to relief on Count Three, it opposes Petitioner's motion as it relates to his convictions and sentence in Counts One and Two. Therefore, the Court must undertake a thorough analysis of the grounds for relief Petitioner raises in his Section 2255 motion to determine whether they warrant relief on Counts One and Two.

Petitioner is advised that his Section 2255 motion is under consideration. Although the Court cannot give a date certain for entering an order on the motion, the Court will endeavor to resolve the motion as expeditiously as possible. When the Court completes

its review of the issues presented in the motion, the Court will issue its decision, and a copy of the Court's decision will be sent to Petitioner. Accordingly, Petitioner's "Motion for Court to Respond to Defendant's Motion from the Supreme Court Ruling in *United States v. Davis, et al.*" (Civ. Doc. 48), to that extent, is **GRANTED**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 18th day of August, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE